UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

GARON FOODS, INC.,

    Plaintiff,

        v.

SARAH MONTIETH,

    Defendant.

Case No. 13-cv-214-JPG-PMF

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff Garon Foods, Inc.'s ("Garon") request for numerous redactions of the transcript of the February 6, 2014, contempt hearing (Doc. 56). Defendant Sarah Monteith has not responded to the motion.

In reviewing Garon's request, the Court is guided by the presumption that judicial records are presumptively in the public domain. *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006); *Methodist Hosps., Inc. v. Sullivan*, 91 F.3d 1026, 1031 (7th Cir. 1996); *cf. Grove Fresh Distrib., Inc. v. Everfresh Juice Co.*, 24 F.3d 893, 897 (7th Cir. 1994). There is a common law right of access to documents filed in litigation. *Methodist Hosps.*, 91 F.3d at 1031; *Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 597-99 (1978). "Public scrutiny over the court system serves to (1) promote community respect for the rule of law, (2) provide a check on the activities of judges and litigants, and (3) foster more accurate fact finding." *Grove Fresh*, 24 F.3d at 897; *see generally Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555 (1980). "Though its original inception was in the realm of criminal proceedings, the right of access has since been extended to civil proceedings because the contribution of publicity is just as important there." *Grove Fresh*, 24 F.3d at 897. The common law holds that "court files and documents should be open to the public unless the court finds that its records are being used for improper

purposes." *Grove Fresh*, 24 F.3d at 897. There are exceptions, however, to the general rule of access to court documents. For example, a court may seal records to protect trade secrets or other kinds of information deserving of long-term confidentiality. *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002); *see Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (to protect business information that could harm litigant's competitive standing).

In addition to this common law right of access to court documents, there is a constitutional right of access to court records. *Grove Fresh*, 24 F.3d at 897; *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 603 (1982). "The First Amendment presumes that there is a right of access to proceedings and documents which have historically been open to the public and where the disclosure of which would serve a significant role in the functioning of the process in question." *Grove Fresh*, 24 F.3d at 897 (internal quotations omitted). "This presumption is rebuttable upon demonstration that suppression 'is essential to preserve higher values and is narrowly tailored to serve that interest.'" *Grove Fresh*, 24 F.3d at 897 (quoting *Press-Enterp. Co. v. Superior Court*, 464 U.S. 501, 510 (1984)). "[W]hen a court finds that the presumption of access has been rebutted by some countervailing interest, that 'interest is to be articulated along with findings specific enough that a reviewing court can determine whether the closure order was properly entered.'" *Grove Fresh*, 24 F.3d at 898 (quoting *Press Enterprise*, 464 U.S. at 510).

Having reviewed the transcript, the Court **ORDERS** that the redactions be made to the publicly available transcript as follows and that the redacted transcript be made public:

1. The name of Garon's pepper supplier, its principals and employees shall be **REDACTED** as requested. If known by the public, those items would reveal the identity of Garon's pepper supplier, a trade secret protected by Garon, and could harm Garon's competitive standing in the marketplace. The redactions are:

| Page No. | Line No. | Statement to be Redacted |
|---|---|---|
| 9 | 3 | Redact the name of the business. |
| 9 | 15 | |
| 47 | 4 | |
| 49 | 1 | |
| 49 | 6 | |
| 49 | 15 | |
| 50 | 3 | |
| 50 | 7 | |
| 50 | 7 | Redact the name of the person. |
| 50 | 8 | |
| 50 | 9 | |
| 50 | 10 | Redact the name of the person and the business. |
| 50 | 15 | Redact the name of the person. |
| 57 | 14 | Redact the name of the business. |
| 59 | 4-5 | |
| 59 | 6 | |
| 60 | 11 | |
| 61 | 17 | |
| 63 | 6-7 | |

2.  The name of Garon's customer, the products sold it, and the dollar amount of that customer's business shall be **REDACTED** as requested. If known by the public, these items would reveal trade secrets protected by Garon, and could harm Garon's competitive standing in the marketplace. The redactions are:

| Page No. | Line No. | Statement to be Redacted |
|---|---|---|
| 10 | 8 | Redact the dollar amount. |
| 31 | 22 | Redact the products. |
| 36 | 5 | Redact the name of the business. |
| 36 | 6 | |
| 38 | 20 | |
| 38 | 21 | |
| 50 | 2 | |
| 50 | 3 | |
| 50 | 7 | |
| 50 | 11 | |
| 50 | 13 | |

| | | |
|---|---|---|
| 50 | 15 | |
| 51 | 2 | |
| 51 | 5 | Redact the name of the business. |
| 54 | 1 | |
| 57 | 13 | |
| 61 | 7 | |

3, The relative size of the redacted customer name compared to other Garon customers shall **NOT BE REDACTED** for the reasons stated below:

| Page No. | Line No. | Reason for redaction decision |
|---|---|---|
| 32 | 8 | No redaction.  That Garon has a largest customer is not confidential information where the identity of that customer is redacted.  The fact that it has a largest customer has no potential to harm Garon's competitive standing in the marketplace were it to become public. |
| 51 | 12 | |

The unredacted transcript (Doc. 56) shall remain **UNDER SEAL**.

**IT IS SO ORDERED.**
**DATED:  June 9, 2014**

                                              s/J. Phil Gilbert
                                              **J. PHIL GILBERT**
                                              **DISTRICT JUDGE**